**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 27, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RENEL BREWER,

   Petitioner-Appellant,

v.

MIKE MULLIN,

   Respondent-Appellee.

No. 05-5074

Northern District of Oklahoma

(D.C. No. 02-CV-0545-CVE)

**ORDER** [*]

Before **HARTZ** , **SEYMOUR,** and **McCONNELL,** Circuit Judges.

  Renel Brewer, a state prisoner represented by counsel, seeks a certificate of appealability (COA) that would allow him to appeal from the district court's order denying his habeas corpus petition under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A). Because we conclude that Mr. Brewer has failed to make "a substantial showing of the denial of a constitutional right," we deny his request for a COA, and we dismiss the appeal. 28 U.S.C. § 2253(c)(2).

---

  [*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

# I. Background

On January 26, 1999, Petitioner Renel Brewer and three other individuals were riding in a white Jeep Cherokee when they encountered a Cadillac driven by Cortland Griffin. Mr. Brewer, who was driving, stopped the car; Brandon Payne, a passenger, stepped out and fired multiple gun shots into the Cadillac. Griffin died and another passenger in Griffin's vehicle, Phillip Asberry, sustained multiple gunshot wounds but survived. Mr. Brewer, along with his co-defendant, Mr. Payne, was charged with first degree murder (Count 1) and shooting with intent to kill (Count 2). A jury found Mr. Brewer guilty as charged and the trial court judge sentenced him to life imprisonment on Count 1 and 100 years imprisonment on Count 2. Mr. Brewer subsequently filed a 28 U.S.C. §2254 habeas corpus petition, which the district court denied.

To appeal the denial of his §2254 petition, Mr. Brewer must obtain a COA from this Court or the district court, which will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires that an applicant establish that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citations and quotation marks omitted). After the district court denied

Mr. Brewer's application for a COA, Mr. Brewer filed an application for a COA with this Court.

Mr. Brewer exhausted state remedies on all but a single claim of prosecutorial misconduct when he directly appealed the judgment and sentence to the Oklahoma Court of Criminal Appeals, which affirmed it. Here, as he did in the district court, Mr. Brewer alleges prosecutorial misconduct occurred when the prosecutor required Mr. Brewer to remove his shirt during trial to display gang tattoos. On direct appeal to state court, however, Mr. Brewer argued that the court—rather than the *prosecutor*—erred in requiring him to remove the shirt. Since that single claim was not presented to the state appellate court as a claim of prosecutorial misconduct, it was not exhausted. Nevertheless, the district court proceeded to deny that claim on the merits, pursuant to 28 U.S.C. § 2254(b)(2), rather than require Mr. Brewer to return to state court to exhaust that one claim; this Court now does likewise.

## II. Discussion

In his request for a COA, Mr. Brewer makes three arguments: (1) the evidence was insufficient, (2) the trial court erred in allowing the admission of "highly prejudicial evidence," and (3) prosecutorial misconduct. We first consider Mr. Brewer's contention that the evidence presented at trial was insufficient to sustain convictions on either count.

Mr. Brewer first argues that the State did not produce sufficient evidence for a finding of guilt of either first degree murder or shooting with intent to kill. In examining Mr. Brewer's sufficiency of the evidence claims, the appropriate inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis omitted). The Court must view evidence in the "light most favorable to the prosecution," *id.*, and "accept the jury's resolution of the evidence as long as it is within the bounds of reason." *Grubbs v. Hannigan*, 982 F.2d 1483, 1487 (10th Cir. 1993).

Under Oklahoma law, those who aid and abet the commission of a murder are designated as principals and may be convicted as such. Okla. Stat. tit. 21, § 172. To convict an aider or abettor of first degree murder, the prosecution must prove "(1) that the defendant personally intended the death of the victim; and (2) that the defendant aided and abetted with full knowledge of the perpetrator's intent . . . ." *Wingfield v. Massie*, 122 F.3d 1329, 1332 (10th Cir. 1997). Mr. Brewer argues that he lacked the requisite intent for either count because he had no idea that Mr. Payne was going to shoot anyone. However, Mr. Brewer's involvement was more extensive than that of an unwitting driver: he accompanied Mr. Payne to a sporting goods store to buy ammunition matching that which was used in the

shooting, stopped the vehicle upon Mr. Payne's request, remained in the parked car during the shooting, and drove away only after the shooting concluded and Mr. Payne had returned to the vehicle. Based upon these facts not in dispute, a rational trier of fact could have inferred subjective intent from Mr. Brewer's acts and found proof beyond a reasonable doubt on both counts.

Turning to the question of prejudicial evidence, Mr. Brewer argues that the following were unfairly prejudicial: the requirement that he remove his shirt to exhibit his gang tattoos to the jury, and the admission of police officer testimony concerning acts of retaliation. Evidentiary rulings by a state court cannot serve as the basis for habeas corpus relief unless the ruling rendered the petitioner's trial fundamentally unfair resulting in a violation of due process. *Duckett v. Mullin*, 306 F.3d 982, 999 (10th Cir. 2002); *Fox v. Ward*, 200 F.3d 1286, 1296-97 (10th Cir. 2000) (stating that to justify habeas relief, a trial court's evidentiary error must be "so grossly prejudicial that it fatally infected the trial and denied the fundamental fairness that is the essence of due process") (internal quotation marks and citation omitted).

Mr. Brewer's claims challenging the admission of gang-related evidence raise state evidentiary questions, not constitutional questions. Consequently, this Court cannot grant a COA for Mr. Brewer's claim unless he can demonstrate that the admission of that evidence rendered his trial fundamentally unfair. He cannot

do so. The evidence of gang membership and expert testimony regarding retaliatory tendencies were offered to provide a motive for the shootings—specifically, retaliation. The Oklahoma Court of Criminal Appeal has held that a trial court's admission of gang affiliation and behavior to prove motive is relevant. *See Douglas v. State*, 951 P.2d 651, 673 (Okla. Crim. App. 1997). That conclusion, to which we owe deference, is not contrary to clearly established law nor is it an unreasonable application of Supreme Court precedent. *See* 28 U.S.C. § 2254(d). Accordingly, we are unable to find that the admission of the challenged evidence rendered Mr. Brewer's trial fundamentally unfair.

Finally, Mr. Brewer argues that the prosecutor (1) improperly prejudiced the jury against him via the admission of expert testimony, (2) improperly referred to him as a "convicted felon" during closing argument, and (3) improperly asked him to remove his shirt to display his gang tattoos. Habeas corpus relief is available for prosecutorial misconduct only when the prosecution's conduct is so egregious in the context of the entire trial that it renders the trial fundamentally unfair. *Donnelly v. DeChristoforo*, 416 U.S. 637, 642-46 (1974). "To view the prosecutor's [conduct] in context, we look first at the strength of the evidence against the defendant and decide whether the prosecutor's [conduct] plausibly could have tipped the scales in favor of the prosecution." *Fero v. Kerby*, 39 F.3d 1462, 1474 (10th Cir. 1994) (internal quotation marks and citation omitted).

Here, as discussed in determining that such evidence was not unduly prejudicial, the admission of the expert testimony and tattoos did not render the trial fundamentally unfair.  The prosecutor's reference to Mr. Brewer's status as a convicted felon was also not unfair given that, as the district court noted, Mr. Brewer testified in his own defense and admitted his prior felony conviction. Consequently, this Court is not convinced that the alleged misconduct by the prosecutor could have realistically "tipped the scales" so as to render the trial fundamentally unfair.

Accordingly, we **DENY** Renel Brewer's request for a COA and **DISMISS** this appeal.

Entered for the Court,

Michael W. McConnell,
Circuit Judge